*9
Curia, per

Butler, J.
The legal question in this case arises out of the following state of facts : The defendant found horses in the enclosure of his employer; he caught and put them in a lot or stable, where he kept them for about three days ; and during the time they were confined, one of them, a mare, was crippled, as it would appear, by a kick from one of the other horses. There was no evidence that the mare received any injury by the act, command, or volition of the defendant. He did not, directly or indirectly, commit any violence on the animal; but the injury which she received was in consequence of the confinement, Now, there could have been no trespass in the beginning ; for any one may lawfully take up stock trespassing within his enclosure, either with a view of empounding them under the Act of 1827,(a) or proceeding under the law concerning estrays (b); or with a view of giving the owner, when known, information. It would be a hard proceeding to hold the person who has thus acquired the custody of stock, liable for an unintentionable injury which they may have received. If one died, and the injury was the result of negligence or unnecessary detention, an action on the case, or trover, might lie for damages, but not trespass, which ^presupposes direct force, and a wilful wrong. Self had the license of the law in taking up the horses ; and could only be held liable as a trespasser by a subsequent abuse of it. In such case, he might become a trespasser, ab initio. Notwithstanding the injury which one of the horses received, the defendant might have justified himself by impounding them under the Act of 1827 ; or by proceeding under the estray law ; but, he was not bound to do either, if in good faith he turned them out, after he had ascertained their owner; or had determined to give up any claim on them for an injury which they may have done to his crop. If defendant had unnecessarily worked, rode, or in any wise wilfully abused the horses, he might have been made liable as a trespasser; but of this there was no evidence ; on the contrary, the injury the mare received was rather the result of accident than attributable to design.
Let the defendant have a new trial.

 6 Stat. 331.

 5 Stat. 465. An.